# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| USA,<br><br>             Plaintiff,<br><br>   v.<br><br>LIANG CHEN,<br><br>             Defendant. | Case No.   17-cr-00603-BLF-1<br><br>**ORDER DENYING MOTION TO QUASH SUBPOENA**<br><br>[Re: ECF 147] |

Before the Court is the Government's motion to quash a subpoena served by the Defense on FBI Forensic Examiner Penni Price for the March 9, 2021 *Franks* hearing. Mot., ECF 147; *see also* Resp., ECF 168. Defendant Olgado opposes this motion. Opp'n, ECF 151; *see also Tuhoy* Offer of Proof, ECF 167. The Court has considered the parties' briefing and arguments at the hearings on January 26, 2021, and February 9, 2021. The Court DENIES this motion.

Rule 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Cr. P. 17(c)(1). A party may move to "quash or modify the subpoena if compliance would be unreasonable or oppressive," *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1113 n.51 (9th Cir. 2008), "but not otherwise." *United States v. Nixon*, 418 U.S. 683, 698 (1974). A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *U.S. v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989). Rule 17 requires a showing of "relevancy, admissibility, and specificity to support the issuance of a subpoena." *See United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984); *see also Nixon*, 418 U.S. 683, 700-01.

Here, the Court finds that Defendant Olgado has established the materiality of Ms. Price's testimony to the determination of the credibility of FBI Special Agent Ann Trombetta, who will be

1  testifying as to why the denial of a TRO request in a related state court proceeding between
2  Defendants and Applied Materials, Inc. was omitted from her search warrant affidavit in this case.
3  The Court is satisfied Defendant Olgado understands the appropriate narrow focus of any
4  testimony from Ms. Price, which is not to extend to matters the Court previously ruled on in the
5  order granting the *Franks* hearing. *See* Order, ECF 136. Further, the Court finds that Defendant
6  Olgado's agreement to have Ms. Price testify via Zoom negates any unreasonableness concerns.
7  Accordingly, the Government's motion is DENIED. The Court notes that this ruling has no effect
8  on the FBI's independent decision regarding Ms. Price's availability to testify under the
9  regulations established in *Touhy v. Ragen*, 340 U.S. 462, 469 (1951).

**IT IS SO ORDERED.**

Dated: February 9, 2021

_____
BETH LABSON FREEMAN
United States District Judge