# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

USA,

        Plaintiff,

   v.

LIANG CHEN,

        Defendant.

Case No. 17-cr-00603-BLF-1

**ORDER RE: MOTIONS IN LIMINE**

[Re: ECF 198, 200, 201, 203, 204, 205, 206, 207, 208, 211, 212, 213, 215, 216, 217, 218, 219, 220, 221, 222, 223, 225, 226, 227, 228, 229]

Defendants Liang Chen, Donald Olgado, Wei-Yung Hsu, and Robert Ewald are charged with one count of conspiracy to commit theft of trade secrets, 18 U.S.C. § 1832(a)(5), and eleven counts of possession of stolen trade secrets, and aiding and abetting, 18 USC §§ 1832(a)(2), (3). Indictment ¶¶ 11–20, ECF 1. The Court held a Final Pretrial Conference on June 24, 2021, during which it issued oral rulings on the Parties' motions *in limine*. The Court's rulings on the Parties' motions *in limine* are summarized as follows:

- Government's Motion *in Limine* No. 1: GRANTED
- Government's Motion *in Limine* No. 2: GRANTED
- Government's Motion *in Limine* No. 3: DEFERRED
- Government's Motion *in Limine* No. 4: GRANTED
- Government's Motion *in Limine* No. 5: DEFERRED
- Government's Motion *in Limine* No. 6: GRANTED
- Government's Motion *in Limine* No. 7: GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART

- Government's Motion *in Limine* No. 8: GRANTED

- Government's Motion *in Limine* No. 9: GRANTED

- Government's Motion *in Limine* No. 10: DEFERRED

- Government's Motion *in Limine* No. 11: GRANTED

- Government's Motion *in Limine* No. 12: DENIED WITHOUT PREJUDICE

- Government's Motion *in Limine* No. 13: GRANTED IN PART AND DENIED IN PART

- Government's Motion *in Limine* No. 14: DENIED

- Defense Motion *in Limine* No. 1: GRANTED

- Defense Motion *in Limine* No. 2: GRANTED

- Defense Motion *in Limine* No. 3: DENIED

- Defense Motion *in Limine* No. 4: DENIED

- Defense Motion *in Limine* No. 5: DENIED WITHOUT PREJUDICE

- Defense Motion *in Limine* No. 6: GRANTED

- Defense Motion *in Limine* No. 7: GRANTED

- Defense Motion *in Limine* No. 8: GRANTED

- Defense Motion *in Limine* No. 9: GRANTED IN PART AND DENIED IN PART

- Defense Motion *in Limine* No. 10: DEFERRED

- Defense Motion *in Limine* No. 11: DENIED

- Defense Motion *in Limine* No. 12: DENIED

## I. GOVERNMENT'S MOTIONS *IN LIMINE*

### 1. Government's Motion *in Limine* No. 1 to Exclude Evidence or Defenses that Have Not Been Disclosed by the Date of the Pretrial Conference

The Government moves for "an order precluding Defendants from introducing any evidence that they have not timely disclosed[,] which they are required to produce under the reciprocal discovery obligations of Federal Rule of Criminal Procedure 16(b), and pursuant to Rule 26.2 (reverse *Jencks*), requiring production of prior statements of defense witnesses (other than the defendant) that relate to the subject matter about which the defense witnesses will testify." ECF 215 at 1. The Government acknowledges that "Defendants Chen, Ewald, and Olgado have

recently provided discovery in this case." *Id.* 2.

Defendants respond that they reserve the right to make additional Rule 16 disclosures if they come into possession of new material and/or determine that material already in their possession should be introduced at trial in compliance with Rule 16. ECF 249 at 2.

Under Rule 16(b), a defendant is subject to various informational disclosures to include (A) information pertaining to "books, papers, documents, data, photographs, [or] tangible objects . . . [if] the defendant intends to use the item in the defendant's case-in-chief at trial;" (B) "Reports of Examinations and Tests"; and (C) "a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence" pertaining to expert witnesses. Under Rule 26.2(a),

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

The statute embodying the rule was enacted in part to "place in the criminal rules the substance of . . . 18 U.S.C. § 3500 (the *Jencks* Act)." Advisory Committee Notes, S. 1437, 95th Cong. 1st Sess. (1977). Pursuant to Rule 26.2(a), neither the Government nor a defendant is required to produce witness statements until after the witness's testimony on direct examination. At the final pretrial conference, Defendants acknowledged that they would have to produce any late-disclosed evidence to the Government and justify the late disclosure to the Court for the evidence to be admissible. Upon this understanding, the Court GRANTS the Government's Motion *in Limine* No. 1.

**2. Government's Motion *in Limine* No. 2 to Admit Self-Authenticating Business Records from Internet Service Providers Relating to Defendants' Email Accounts**

The Government seeks to admit the following Internet Service Provider records:

| Company | Description | Bates Numbers |
|---|---|---|
| AT&T | Subscriber records for Defendant Wei-Yung Hsu's email account | AMAT-002420-002425 |

| | | |
|---|---|---|
| | "hsu1020@sbcglobal.net" created on October 2, 2004 | |
| Google | Subscriber records for Defendant Donald Olgado's email account "donald831@gmail.com" created on January 29, 2006.<br><br>Subscriber records for Defendant Donald Olgado's email account "mrbreakit831@gmail.com" created on September 29, 2008.<br><br>Subscriber records for Defendant Liang Chen's email account "liangchen15155@gmail.com" created on December 21, 2011.<br><br>Subscriber records for Defendant Robert Ewald's email account "rewald79@gmail.com" created on September 9, 2012. | AMAT-002486-002505 |
| Yahoo! | Subscriber records for Defendant Liang Chen's email account "liang_y_Chen@yahoo.com" created on December 5, 1997.<br><br>Subscriber records for Defendant Robert Ewald's email account "rewald20@yahoo.com" created on October 17, 2011. | AMAT-002433-002437 |

ECF 216 at 3.

The Government states that it received these records in response to a grand jury subpoena and produced them to Defendants on February 15, 2018. *Id.* The Government further states that a Certification of Authenticity from Google was produced on June 7, 2021. *Id.* All of the records are accompanied by declarations by the custodian of record for each provider and are records of regularly conducted activity pursuant to Federal Rule of Evidence 803(6) and 902(11). *Id.* 3-4.

The Defense does not object to this request. ECF 250. Accordingly, the Court GRANTS the Government's Motion *in Limine* No. 2.

### 3. Government's Motion *in Limine* No. 3 to Exclude Defendants' From Admitting Self-Serving Hearsay

The Government states that it anticipates that Defendants "may seek to admit in evidence their declarations in the civil case, their own email communications with co-Defendants, or other statements made by Defendants as a part of the defense case-in-chief at trial." ECF 217 at 2. The Government argues that this would constitute impermissible hearsay under Federal Rule of Evidence 802. *Id.* 2-3.

The Defense argues that, "Like a similar motion this Court recently confronted, 'the Government has not identified any specific statements it seeks to bar, preventing the Court from conducting the fact-based, particularized analysis that the [Federal Rules of Evidence] require.'" ECF 251 at 2 (quoting *United States v. Kail*, No. 18-CR-00172-BLF-1, 2021 WL 261135, at *4 (N.D. Cal. Jan. 26, 2021)).

Under Federal Rule of Evidence 801(c), hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Rule 802 provides that hearsay is inadmissible unless provided for under the Rules of Evidence, a federal statute, or rules proscribed by the Supreme Court. Under Federal Rule of Evidence 801(d)(2)(A), a statement offered against an opposing party that was made by the party in an individual or representative capacity is not hearsay. Additionally, under Federal Rule of Evidence 801(d)(2)(E), a statement offered against an opposing party "made by the party's co-conspirator during and in furtherance of the conspiracy" is not hearsay. A defendant may not elicit his own hearsay statements through witness testimony or cross-examination because doing so would permit the defendant to place his arguably exculpatory hearsay statements before the jury without taking the witness stand and subjecting himself to cross-examination, which is "precisely what the hearsay rule forbids." *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988).

Like in *Kail*, the Court finds that the Government has not identified specific statements it

would like to bar, which prevents the Court from conducting a fact-based, particularized analysis under the Rules, and therefore the Court DEFERS ruling on the Government's Motion *in Limine* No. 3 and will consider specific objections during trial.

### 4. Government's Motion *in Limine* No. 4 to Exclude References to Punishment in Front of the Jury

The Government moves to preclude "as irrelevant and prejudicial, any reference by the defense to Defendants' potential sentence in front of the jury during all phases of the trial (including jury selection, opening statements, examination of witnesses, during a defendant's testimony if a defendant testifies, and summation)." ECF 218 at 2. The Defense does not object. ECF 252 at 2.

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992); *see also Rogers v. United States*, 422 U.S. 35, 40 (1975) (jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed"). Accordingly, the Court GRANTS the Government's Motion *in Limine* No. 4.

### 5. Government's Motion *in Limine* No. 5 to Exclude Character Evidence

The Government moves to exclude any Defense witnesses at trial that would testify regarding Defendants' good character. ECF 219 at 4. Defendants respond that they have not proffered any testimony regarding their character, and the Government's motion is "unfocused, overbroad, and fails to acknowledge the specific provisions in the Federal Rules of Evidence that allow criminal defendants to present evidence concerning their own good character." *See* ECF 253.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or character trait." Fed. R. Evid. 404(a)(1). An exception to this rule permits "a defendant [to] offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A). Here, Defendants have not proffered any character evidence, and the Court will DEFER ruling on this basis.

### 6. Government's Motion *in Limine* No. 6 to Exclude Certain Evidence and

**Argument Related to the Civil Case[1]**

In this motion, the Government seeks to exclude "the denial of Applied [Materials]'s application for a TRO [temporary restraining order] by a state court judge in the related civil litigation as irrelevant, prejudicial or otherwise inadmissible." *See* ECF 220. The Government clarified at the hearing that it was just seeking exclusion of the physical TRO document. The Defense responds that the denial of the TRO is relevant and admissible in three ways for a non-hearsay purpose: "(1) to establish a potential bias and motive for current and former employees of Applied Material[s] testifying on behalf of the government, (2) to impeach the government's investigation, and (3) as circumstantial evidence of Defendants' states of mind and good faith belief that they were not committing a crime." ECF 255 at 2.

The Court may exclude otherwise admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have "wide discretion" in analyzing the "broad contours" of Rule 403. *United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985). Considering only the admissibility of the document itself (and not the indisputable fact that the TRO was denied), the Court agrees with the Government that the document itself may confuse the issues and mislead the jury.

The Court notes that there are no factual findings in the TRO order, and there are numerous handwritten X marks over large sections of text. The caption states that the TRO is being granted, when, in fact, it was denied. The Court finds that there is no way to cure the confusion that this document could cause for the jury. Accordingly, the Court GRANTS the Government's Motion *in Limine* No. 6 to exclude the TRO document.

### 7. Government's Motion *in Limine* No. 7 to Exclude Nullification Argument and Evidence

The Government seeks to exclude anticipated argument or testimony that will "encourage jury nullification." ECF 221 at 2. The Government specifics the following themes as examples:

---

[1] The Court acknowledges that the TRO is also the subject of Defense Motion *in Limine* No. 9. *See* ECF 205. The Court will address all arguments related to the TRO document in addressing the Government's Motion *in Limine* No. 6.

"that this case is essentially a civil matter; that Defendants' conduct even if proven should not rise the level of a criminal violation; that the criminal matter was instituted to improve the victim's litigation position in the civil action; that there was improper cooperation or coordination between the government and victim; or the government has improper motives for pursuing this prosecution." *Id.* Defendants respond that they will not suggest nullification and will argue that they are innocent. ECF 256 at 2. Defendants also argue that trial arguments relating to the fact that this case should have been a civil matter, that Defendants' conduct did not rise to a criminal violation, and that Applied Materials sought criminal charges to enhance its position in the civil case are entirely proper arguments for the Defense, and Defendants intend to "advance those and related attacks on the integrity of the investigation." *Id.*

The Court agrees with Defendants that they have a right to explore the appropriateness of the Government investigation and the right to impeach witnesses based on truthfulness or motive. However, the Court also finds that crime victims have "[t]he reasonable right to confer with the attorney for the Government in the case," 18 U.S.C. § 3771(a)(5), and, in this case, Applied Materials, feeling it was a victim, exercised that right. And while the Court also acknowledges that the Defense case is, broadly, that Defendants' acts are not criminal conduct, the Court finds it improper to argue that this should have been a civil case, not a criminal prosecution. The Court finds that arguing that this should have been a civil matter is essentially arguing for nullification. *See United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008), *aff'd sub nom. United States v. Montes*, 421 F. App'x 670 (9th Cir. 2011) ("Neither a Defendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and evidence, not on jury nullification.")

Accordingly, the Court GRANTS the motion to exclude evidence or argument that this should have been a civil case. The Court further GRANTS the motion to exclude arguments for jury nullification. The Court DENIES the motion to exclude any evidence or arguments regarding Defendants' conduct not rising to the level of a criminal violation. And the Court DEFERS on the issue of the victim's motive for seeking the charges, as the Court will police the line on permissible testimony on this topic at trial.

**8. Government's Motion *in Limine* No. 8 to Exclude Argument that the Alleged Trade Secrets Must be "In Use" or "In Continuous Use" by the Owner to Qualify as Trade Secrets Under the Statute**

In this eighth motion *in limine*, the Government seeks an order "precluding Defendants from arguing that the information alleged as trade secrets outlined in the Indictment must be 'in use' or 'in continuous use' by Applied [Materials] in order to constitute a trade secret within the meaning of 18 U.S.C. § 1832 and 18 U.S.C. § 1839(3)." ECF 222 at 2. The Government argues that a "use" or "continuous use" requirement is not an element of the charged crime, 18 U.S.C. § 1832, or part of the definition of "trade secret" in 18 U.S.C. § 1839. *Id.* 2-4. Defendants agree that there is no "use" or "continuous use" element in the charged crime. ECF 241 at 2. Defendants argue that evidence that Applied Materials was abandoning its MOCVD business is relevant to other elements of the charged crime, namely "whether Applied [Materials] took reasonable measures to maintain the confidentiality of the information at issue, to whether that information retained any independent economic value to Applied [Materials] during the relevant time period, and to Defendants' state of mind regarding whether any of the relevant information was in fact a trade secret." *Id.*

The Court agrees with Defendants that it is proper to inquire about why the trade secrets weren't allegedly in use and how that relates to the value of the trade secrets or any other elements of the charged offense. Additionally, the Court invites the Government to craft a special instruction stating that there is no requirement that a trade secret must be in use for it to have value. Accordingly, the Court GRANTS the Government's motion *in limine* No. 8.

**9. Government's Motion *in Limine* No. 9 to Admit E-mails Between Defendants Offered by the Government**

The Government moves for admission of Defendants' emails between and among themselves that were provided to Applied Materials by Defendant Olgado as part of a stipulated TRO in the civil case. *See* ECF 228. The Government argues they are admissible as an opposing party's statement under Rule 801(d)(2)(A) and as statements by co-conspirators during and in furtherance of the conspiracy under Rule 801(d)(2)(B)-(E). *Id.* 4. Defendants argue that the Government must first lay a proper foundation to admit these emails. ECF 257. The Court agrees with Defendants, and the Government does not dispute, that a proper foundation must be laid

before any evidence is introduced. The Court notes that Defendants do not dispute that, with the proper foundation, these types of emails are generally admissible under Rule 801(d)(2)(A) and 801(d)(2)(B)-(E). *See* ECF 257. The Court cannot rule on the admissibility of any one specific email at this time—and the Government does ask this Court to do so—and the Court GRANTS the Government's Motion *in Limine* No. 9 and finds emails between and among Defendants admissible upon laying the proper foundation.

### 10. Government's Motion *in Limine* No. 10 to Admit Party-Opponent Admissions

In addition to the emails between and among Defendants, the Government seeks to offer other statements made by Defendants. ECF 223 at 2. Specifically, "the government will also offer verbal statements made by Defendants to Applied [Materials] employees, including Mark Pinto, Michael Splinter, Gary Dickerson, Michael Kutney, Eashwar Kollata, and other employees." *Id.* Additionally, the Government seeks to offer written statements Defendants provided to Applied Materials at their end of their employment. *Id.* The Government argues these statements are admissible under Fed. R. Evid. 801(d)(2)(A). *Id.*

Defendants argue that the motion to admit these statements is premature, as no foundation has been laid for their admission. ECF 258 at 2. Further, Defendants argue that the introduction of a non-testifying Defendant's admission through Rule 801(d)(2)(A) would not be admissible against the co-Defendants and would, at a minimum, require a limiting instruction. *Id.* (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

The Court finds it appropriate to DEFER on this motion until a specific statement is offered for evaluation.

### 11. Government's Motion *in Limine* No. 11 to Exclude the Testimony of Defense Expert Jon Berryhill

The Government moves to exclude the testimony of Defense expert Jon Berryhill primarily on the basis that Defendants have failed to comply with Federal Rule of Criminal Procedure 16(b)(1)(C) by failing to summarize Mr. Berryhill's expert opinions. ECF 225 at 4. Defendants respond that they are no longer planning on calling Mr. Berryhill in their case-in-chief. ECF 269

Under Rule 16(b)(1)(C), "[t]he defendant must, at the government's request, give to the

government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial…This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." On Defendants' representation that they are withdrawing the witness, the Court GRANTS the Government's Motion *in Limine* No. 11.

### 12. Government's Motion *in Limine* No. 12 to Exclude the Testimony of Defense Expert Samuel Plainfield

The Government also moves to exclude Defense expert Samuel Plainfield on the basis that Defendants have failed to comply with Rule 16(b)(1)(C). ECF 226 at 4. Defendants respond that, out of abundance of caution, they provided the Government with a supplemental disclosure on June 24, 2021, clarifying Mr. Plainfield's expected testimony on establishing the authenticity of specified electronic data that Mr. Plainfield preserved at counsel's request. ECF 259 at 2-3. The Defense "anticipates that his testimony will become relevant only in the unlikely event that a lay witness fails to recognize and authenticate an email or digital file that is placed before him or her that the Court determines would otherwise be admissible." *Id.* at 3.

Since the disclosure was made more than a month before trial, the Court DENIES this motion WITHOUT PREJUDICE to the Government renewing this motion if it finds the supplemental disclosure inadequate.

### 13. Government's Motion *in Limine* No. 13 to Exclude the Testimony of Defense Expert Barry Naughton

The Government moves to exclude the testimony of Defense expert Barry Naughton on the grounds that it is inadmissible under Rule 403, 702, and *Daubert*. *See* ECF 227. Specifically, the Government argues that Dr. Naughton is not qualified as an expert on American companies, he is not permitted to testify about Applied Materials's state of mind, and his proposed testimony is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, and undue consumption of time. *Id.*

Defendants narrowed their request for Dr. Naughten's testimony at the final pretrial conference, representing that Dr. Naughten will only testify regarding the circumstances in the People's Republic of China regarding intellectual property theft threats in 2012, the relevant time

period for this case.

A witness may testify as an expert if he or she is qualified by knowledge, skill, experience, training or education and if the testimony (1) "will help the trier of fact to understand the evidence or to determine a fact at issue," (2) "is based on sufficient facts or data," (3) "is the product of reliable principles and methods," and (4) "reliably applie[s] the principles and methods to the facts of the case." Fed. R. Evid. 702. Under the Supreme Court's trilogy of cases addressing the admissibility of expert testimony—*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)—the district court plays a "gatekeeping" role, screening the proffered evidence to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *United States v. Alatorre*, 222 F.3d 1098, 1099-1101 (9th Cir. 2000).

Here, the Court finds that Dr. Naughten is not an expert on American companies, and he is not permitted to testify as to what American companies could have or should have known with regards to the trade secret theft threat in the People's Republic of China. Testimony such as the following, which was proposed by Defendants, is not permitted:

> That because of the high priority the P.R.C. [People's Republic of China] government has placed on technology acquisition, in the 2010–2012 time period, there was a widespread understanding among U.S. government officials and U.S. businesses seeking to do business in the P.R.C. that the Chinese government would not hesitate to use extra-legal means to acquire targeted technologies.

Decl. of Lee Altschuler, Ex. 1, Letter, ¶ 18, ECF 270-1. Similarly, Dr. Naughten is not permitted to opine on what Applied Materials knew or should have known about doing business in China with regards to trade secret protection.

The Court does find, that as an academic who has studied the economy of the People's Republic of China for 40 years, *see id.* ¶ 1, he is qualified by knowledge to testify regarding the Chinese government's efforts to obtain foreign technology, including nationally led government direction over local governments and private industry, and Chinese government policies toward intellectual property based on those technology-acquisition programs, *see id.* at ¶ 6. His testimony cannot touch on what American companies knew or should have known, given the circumstances

that existed in the People's Republic of China at the time. With these limitations, the Court finds that the probative value of Dr. Naughten's testimony is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and undue consumption of time.

For the reasons stated herein, the Court GRANTS IN PART and DENIES IN PART the Government's Motion *in Limine* No. 13.

### 14. Government's Motion *in Limine* No. 14 to Exclude the Testimony of Michael Begarney

Finally, the Government moves to exclude the testimony of Michael Begarney, an expert on MOCVD reactor design and hardware, on the basis that Defendants have failed to comply with the disclosure requirements under Rule 16(b)(1)(C) and, based on the inadequate disclosure, his testimony is not relevant or reliable under Rule 702. *See* ECF 229. The Defense responds that they provided the Government with supplemental disclosures regarding Mr. Begarney on June 8 and June 14, 2021. ECF 260 at 4. At the final pretrial conference, the Government stated that it had conferred with Defense counsel and, as long as Mr. Begarney's testimony is limited to issues in PowerPoint slides and marketing materials, as Defendants represent it will be, then there is no objection. The Court accepts Defendants' representation, and accordingly, the Court DENIES the Government's Motion *in Limine* No. 14.

## II. DEFENSE MOTIONS *IN LIMINE*

### 1. Defense Motion *in Limine* No. 1: Unopposed Request of Employ Jury Questionnaire

Defendants ask the Court to administer a juror questionnaire to prospective jurors that asks approximately 40-50 questions in order to "root out jurors who are prejudiced by implicit (or explicit) racial bias, pretrial publicity, or some other factor." ECF 198 at 3. The Government does not oppose this motion. As stated at the final pretrial conference, the Court will use the Parties' proposed questionnaire, as modified by the Court. Accordingly, the Court GRANTS Defense Motion *in Limine* No. 1.

### 2. Defense Motion *in Limine* No. 2 Pursuant to FRCP 24(B) for Additional Peremptory Challenges

Defendants move for additional peremptory challenges to ensure the selection of a fair and

impartial jury. *See* ECF 208. The Government does not object to the Court granting Defendants' request for three additional peremptory challenges, so long as the government is also awarded three additional peremptory challenges. ECF 242 at 2.

Rule 24(b) grants the Court discretion to "allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b). The Ninth Circuit has held that "the award of additional challenges is permissive . . . and rests in the trial court's sound discretion." *United States v. McClendon*, 782 F.2d 785, 787 (9th Cir. 1986). As stated at the final pretrial conference, the Court GRANTS this motion, and Defendants will be permitted 13 peremptory challenges, and the Government will be permitted 9 peremptory challenges. *See* Order Following Pretrial Conference, ECF 285. There will be 2 peremptory challenges per side for the alternate jurors. *Id.*

### 3. Defense Motion *in Limine* No. 3 Regarding COVID-19 Protocols for Trial Witness Masks and Juror Seating

Defendants move for the Court to issue an order instructing all witnesses to testify without masks and seat all jurors close enough to the witnesses to observe their demeanor. ECF 200 at 3. Defendants argue that these measures are required to protect their Sixth Amendment rights under the Confrontation Clause. *Id.* 4-7. If that is not possible, Defendants ask for a delay of trial. *Id.* 3.

The Government responds that even Defendants acknowledge that several district courts have found that masked testimony does not violate a defendant's Sixth Amendment Confrontation rights, and the Court should retain the current trial date and follow the pandemic protocols in place during trial. *See* ECF 243. The Government also notes that Defendants acknowledge that they cannot cite to any authority to support their position regarding jury seating and their Sixth Amendment rights. *Id.* 4.

The Court reviewed the current COVID-19 protocols with the Parties at the final pretrial conference. If the Parties can represent that their witnesses are vaccinated, they will be permitted to forego wearing masks. Likewise, jurors who are vaccinated will be able to forego wearing masks and will have the option of sitting in the jury box if they feel comfortable. The Court will not force anyone to remove their mask if they wish to keep it on, and unvaccinated jurors and

witnesses will be required to wear masks. If a juror is uncomfortable sitting close to others in the jury box, they will be permitted to sit in the audience with more space. Accordingly, the Court DENIES Defense Motion *in Limine* No. 3 on the basis that there is no authority holding that the protocols violate the Sixth Amendment Confrontation Clause.

### 4.   Defense Motion *in Limine* No. 4 to Implement Prior Court Orders

Defendants seek an order implementing the Court's earlier rulings, specifically the Court's order denying Defendants' motion to dismiss and granting a bill of particulars, *see* Order ECF 135. ECF 201 at 3. The Government argues that this motion is unnecessary and should be denied. *See* ECF 244. The Court agrees with the Government and DENIES Defense Motion *in Limine* No. 4. All Parties are required to follow the Court's orders and instruct their witnesses to do the same.

### 5.   Defense Motion *in Limine* No. 5 to Exclude Improper Lay Testimony

Defendants move to exclude what they characterize as improper lay witness testimony about trade secrets, technical information that was confidential, proprietary, valuable or kept secret, and the results of computer forensics. *See* ECF 211. Specifically, Defendants focus on the potential testimony of Yakuta Tanaka and Thomas Scocca, two Applied Materials employees. *See id.* The Government opposes this motion and argues that the Defense motion is overbroad and that the two witnesses in question can testify based on their personal knowledge and positions in the day-to-day affairs of a business without being qualified as an expert and running afoul of Rule 701's bar of lay testimony "based on scientific, technical or other specialized knowledge." *See* ECF 276 (quoting Fed. R. Evid. 701(c)).

The Court agrees with the Government that the proffered witnesses appear to be proper lay witnesses, based on their personal knowledge and positions in the day-to-day affairs of Applied Materials. Such opinion testimony is admitted "not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701 advisory committee's note to 2000 amendment. Witnesses who worked at Applied Materials to develop, market, and/or sell the MOCVD tool may testify to facts showing, among other things, whether certain technical information was treated as confidential; how Applied Materials stored CAD

drawings and bills of material for the MOCVD tool in a secure, confidential database; and how Applied Materials required employees not to share CAD drawings with third parties without a non-disclosure agreement. The Court finds such testimony permissible. *See GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-cv-01081- PSG, 2015 WL 12942201, at *2 (N.D. Cal. Oct. 14, 2015) ("Thus, a lay witness with personal experience of the treatment of certain information may testify as to whether that information was considered or treated as confidential."). The Government represents that it does not intend to ask witnesses to opine whether information is or is not a trade secret, *see* ECF 276 at 2, and the Court finds this an appropriate limitation. The testimony outlined above delineates the bounds of appropriate lay witness testimony as long as the proper foundation is laid and based on a person's day-to-day work at Applied Materials.

Regarding Mr. Scocca, who led the Global Security Department at Applied Materials during the relevant time period, the Court finds it permissible for him to testify as a lay witness regarding his review and extraction of emails and other files from Defendants' work computers. Mr. Scocca would likewise be able to authenticate any file he extracted. This is permissible factual testimony within his personal knowledge. However, there are limits to permissible lay testimony, and the Court agrees with Defendants that testimony regarding results of an investigation conducted by a third-party would potentially be objectionable based on hearsay grounds.

Accordingly, the Court DENIES Defense Motion *in Limine* No. 5 WITHOUT PREJUDICE to Defendants raising specific objections during witness testimony.

### 6. Defense Motion *in Limine* No. 6 to Exclude Character Evidence Concerning Defendants

Defendants next move to exclude improper character evidence regarding Defendants. *See* ECF 212 at 3. For example, Defendants argue that testimony regarding a defendant's propensity for dishonesty is impermissible character evidence under Federal Rule of Evidence 404(a) unless the defendant first offers evidence about his own propensity for honesty or testifies as a witness. *Id.* (citing Fed. R. Evid. 403(a)(2), (3)). The Government does not oppose Defendants' motion to exclude character or propensity evidence at trial unless the exceptions under Federal Rules of Evidence 404(a)(2) or (a)(3) apply and states that it will instruct its witnesses accordingly. *See*

ECF 264. Accordingly, the Court GRANTS Defense Motion *in Limine* No. 6.

### 7. Defense Motion *in Limine* No. 7 to Exclude Alleged Co-Conspirator Statements Not Supported by Proper Foundation

In their seventh motion *in limine*, Defendants move to exclude alleged co-conspirator statements that are not supported by a proper foundation. *See* ECF 203. Defendants acknowledge that an out-of-court statement is not hearsay if it is offered against an opposing party and "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Defendants ask that the Court direct the Government to submit an offer of proof informing the Court and Defendants of the exact date on which the conspiracy allegedly began, and the exact dates each Defendant allegedly joined the conspiracy. ECF 203 at 5.

The Government responds that co-conspirator statements are admissible under Rule 801(d)(2)(E) if the government demonstrates that (1) a conspiracy existed, (2) the defendant and the declarants were members of the conspiracy, and (3) the statement was made during the course of and in furtherance of the conspiracy. ECF 245 at 2 (citing *United States v. Bourjaily*, 483 U.S. 171, 175 (1987) and *United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006)). The Government also agrees with Defendants that these are preliminary questions of fact that the Government must prove to the Court by a preponderance of the evidence. ECF 245 at 2. (citing *Bourjaily*, 483 U.S. at 175-76). The Government also proffers an offer of proof for each Defendant based on evidence independent from the content of the emails among and between Defendants. ECF 245 at 3-5.

The Court agrees with the Parties' summation of the law and burden of proof. The Court also finds that co-conspirator statements are non-testimonial and do not implicate the Confrontation Clause, regardless of whether the defendant was afforded a prior opportunity for cross examination. *Crawford v. Washington*, 541 U.S. 36, 58 (2004); *see also Bridgeforth*, 441 F.3d at 869 n.1 (interpreting *Crawford* and finding "co-conspirator statements are not testimonial"). Addressing the question this motion presents—the exclusion of co-conspirator statements not supported by proper foundation—the Court GRANTS the motion on that basis. The Court also notes that none of the proffered evidence by the Government appears to lack a proper

foundation. The Court directs the Government to provide a written submission to Defendants with the emails it intends to introduce at trial, along with evidence that demonstrates by a preponderance that the statements were made during the course of and in furtherance of the conspiracy. This must be filed by July 2. Any objections and a request for hearing must by made by July 8.

### 8. Defense Motion *in Limine* No. 8 to Implement Rule 16 by Excluding Any Statement of Defendant Not Previously Produced

Defendants next move for a ruling excluding any not-yet-produced interrogation or interview statement made by a Defendant that the Government has in its possession, custody, or control. *See* ECF 204. The Government responds that it has produced all the evidence in its possession regarding the Defendants' interviews with Applied Materials's in-house counsel and will continue to comply with its ongoing obligation to provide discovery to Defendants. *See* ECF 246.

The Court GRANTS Defense Motion *in Limine* No. 8.

### 9. Defense Motion *in Limine* No. 9 to Admit Evidence Related to Civil Case, and for Judicial Notice

The Defense moves for admission of three documents related to the civil case between Defendants and Applied Materials and requests judicial notice of the records, in addition to the fact that there is ongoing civil litigation. *See* ECF 205. The Court has already excluded one of the documents, the order denying Applied Materials's application for a TRO, in conjunction with the Government's Motion *in Limine* No. 6. The other two documents Defendants seek admission of are a declaration filed by Defendant Chen in opposition of Applied Materials's application for a TRO and a stipulated TRO between Defendant Olgado and Applied Materials. ECF 205 at 3. Defendants request judicial notice of 1) the fact of the ongoing civil lawsuit; 2) the state court ruling denying the TRO; 3) Defendant Chen's declaration in opposition to the TRO, and 4) the stipulated TRO between Defendant Olgado and Applied Materials. *Id.* 7.

The Government does not oppose the admission of Defendant Olgado's stipulated TRO, and the Government acknowledges that Defendants may cross-examine Applied Materials employees regarding the civil suit. ECF 247 at 1. The Government opposes the admission of the

Chen declaration on the basis that it is inadmissible hearsay.

The Court agrees with the Government regarding the Chen declaration, which was submitted in response to the litigation initiated by Applied Materials. Placing Defendant Chen's declaration before the jury without subjecting him to cross-examination is "precisely what the hearsay rule forbids." *Fernandez*, 839 F.2d at 640 (citing Fed. R. Evid. 801(c)). Defendants' argument that the Chen declaration is circumstantial evidence of his state of mind, ECF 205 at 6, is not persuasive. The declaration is a paragraph-by-paragraph refutation of a declaration submitted by Applied Materials in support of the TRO and a factual recitation of Defendant Chen's past actions. Therefore, the Court does not find that it is admissible as evidence of Defendant Chen's state of mind. Accordingly, the Court DENIES the Defense Motion *in Limine* No. 9 with respect to admission of the Chen declaration. Defendants are permitted to cross-examine government witnesses on the fact that Special Agent Ann Trombetta did not consider the Chen declaration in her investigation, as Defendants are permitted to explore the thoroughness of the Government's investigation. *See United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000) ("To tell the jury that it may assess the product of an investigation, but that it may not analyze the quality of the investigation that produced the product, illogically removes from the jury potentially relevant information.").

Addressing Defendants' other requests, the Court GRANTS the motion with respect to the unopposed request to admit the stipulated TRO between Applied Materials and Defendant Olgado, and that necessarily includes taking judicial notice that it exists. The Court also GRANTS the motion with respect to the undisputed fact that the state court denied Applied Materials's application for a TRO, but Defendants are not permitted to make any representation as to the bases for the denial. The Court GRANTS Defendants' request to admit the fact that there is ongoing civil litigation. As discussed at the final pretrial conference, the Parties are to submit a stipulation concerning any of these facts in order to establish an evidentiary foundation.

### 10. Defense Motion *in Limine* No. 10: Objection to Multiplicity of Charges

Defendants' next motion objects to the charges against them on the basis that they are multiplicitous and conviction on all counts would violate the Double Jeopardy Clause of the Fifth

United States District Court
Northern District of California

Amendment. *See* ECF 206. Defendants also acknowledge that the multiplicity is not apparent on the face of the indictment, and any remedy will have to await the close of the prosecution's case at trial. *Id.* 7. The Government agrees with the Defense assessment that the Court need not address the multiplicity argument before the trial begins. ECF 266 at 1.

The Court agrees that it is premature to address this issue and will DEFER ruling on this motion.

### 11. Defense Motion *in Limine* No. 11 to Exclude Inculpatory Statements by Co-Defendants or, in the Alternative, Sever the Trials

Defendants Chen and Ewald move to exclude evidence of statements by their co-defendants that inculpate them, or, in the alternative, an order severing the trials. *See* ECF 207. Defendants argue that Defendants Hsu and Olgado's statements to Applied's in-house attorneys, if admitted, would violate the Sixth Amendment's Confrontation Clause. *Id.* The Government argues that under *Richardson v. Marsh*, 481 U.S. 200, 208 (1987), there is no *Bruton* violation where a co-defendant's statement does not incriminate the defendant without being linked to other evidence at trial, so severance is not required. *See* ECF 248.

The Court agrees with the Government. "[C]o-defendants jointly charged are, *prima facie*, to be jointly tried." *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991) (internal citations omitted). In *Bruton v. United States*, 391 U.S. 123, 135-36 (1968), the Supreme Court held that a "powerfully incriminating" confession of a co-defendant implicating the defendant should not have been admitted in their joint trial. However, in *Richardson*, the Supreme Court narrowed *Bruton* and held that where a co-defendant's confession is not "incriminating on its face," but becomes so "only when linked with evidence later introduced at trial," the statement does not necessarily require severance. *Richardson*, 481 U.S. at 209; *see also United States v. Sherlock*, 962 F.2d 1349, 1361 (9th Cir. 1989) (acknowledging that *Bruton* is limited to facially incriminating confessions).

Here, Defendants Hsu and Olgado did not confess to any crime when speaking with Applied Materials's in-house counsel—in fact, they did the opposite and denied disseminating trade secrets outside the company. Accordingly, since none of the statements Defendants Chen

20

and Ewald seek to exclude are facially incriminating, the Court DENIES Defense Motion *in Limine* No. 11. Should statements by Defendants Hsu and Olgado come into evidence as opposing party statements under Rule 801(d)(2), the Government is to submit a limiting instruction that those statements are only admissible against the declarant.

### 12. Defense Motion *in Limine* No. 12: Foundational Requirements and/or Exclusion of Evidence Concerning Private Procedures, Policies, and Memoranda

Finally, Defendants seek an order precluding the introduction of evidence of, or argument regarding, any alleged violation by Defendants of Applied Materials's internal policies or procedures without an adequate foundation—namely, a demonstration that Defendants had knowledge of and agreed to be bound by such policies. ECF 213 at 3-4. Defendants further argue that, even if the Government does lay a proper foundation, the Court should exclude evidence of any alleged violation of these policies under Federal Rule of Evidence 403, unless the Government makes a specific proffer that the policy at issue is narrowly tied to Defendants' authorization to access the alleged trade secret. *Id.* 4-5. Otherwise, Defendants argue, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *Id.*

The Government argues that there is no heightened foundation requirement for internal company policies, and documentary evidence is admissible if it is relevant and authenticated. ECF 277 at 2 (citing Fed. R. Evid. 402). The Government argues that Applied Materials's company policies are directly relevant to the charges in this case in two ways: first, the policies speak to the "reasonable measures" Applied Materials allegedly took to keep its information secret, *see* 18 U.S.C. § 1839(3)(a), and second, the policies are relevant to whether Defendants knowingly acted "without authorization," *see* 18 U.S.C. § 1832(a). ECF 277 at 2.

The Court agrees with the Government that Applied Materials's internal policies and procedures are relevant to this case, as the Ninth Circuit has found regarding company policies in trade secrets cases. *See, e.g.*, *United States v. Nosal*, 844 F.3d 1024, 1043–44 (9th Cir. 2016) (finding trade secret definition met where victim company did not share its candidate lists with clients except under an understanding of confidentiality and disclosing the lists was contrary to

company policy; finding that it would be "naïve" to conclude that the defendant did not know the information was a trade secret). Here, the Government is (potentially) properly offering Applied Materials's internal company policies and procedures to show Applied Materials took steps to protect its confidential information. The Court finds that the relevance of this evidence is admissible under Rule 403 because it is highly probative of Applied Materials's reasonable measures to protect confidential information and whether Defendants knowingly acted "without authorization," and the Court finds the risk of jury confusion low. Accordingly, the Court DENIES Defense Motion *in Limine* No. 12.

* * *

To the extent disputes arise during trial, the Court is available to address motions on the record at 8:30 A.M. each Court day before the jury arrives. Although a written motion is not required, each side is limited to one three-page motion due by 5:00 P.M. the preceding Court day. Additional motions may be addressed orally each morning. If a party intends to raise matters orally it shall inform the Court and the other parties on or before 5:00 P.M. of the intention to appear for a hearing at 8:30 A.M. the following Court day.

**IT IS SO ORDERED.**

Dated: June 29, 2021

_____
BETH LABSON FREEMAN
United States District Judge