**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIANG CHEN,<br><br>　　　　　Defendant. | Case No. 17-cr-00603-BLF-1<br><br>**ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE ORDER DENYING DEFENDANTS' APPLICATION FOR A SUBPOENA TO APPLIED MATERIALS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(C)**<br><br>[Re: ECF 296] |

Before the Court is Defendants Liang Chen, Donald Olgado, Wei-Yung Hsu, and Robert Ewald's motion to set aside Magistrate Judge Nathanael M. Cousins's order denying their application for a subpoena duces tecum to Applied Materials pursuant to Federal Rule of Criminal Procedure Rule 17(c). *See* Mot., ECF 296. Both Applied Materials and the Government have filed responses opposing this motion. *See* Applied Opp'n, ECF 303; Gov't Opp'n, ECF 304. For the reasons stated below, the Court DENIES Defendants' motion to set aside Judge Cousins's order.

The Parties and Applied Materials agree that the Court may only set aside a Magistrate Judge's order on a non-dispositive matter if any part of the order "is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). The Court finds that Judge Cousins's decision is neither.

Rule 17(c)(1) of the Federal Rules of Criminal Procedure provides for the issuance of subpoenas for documentary evidence and objects for use in trial. Fed. R. Crim. P. 17(c)(1). The Rule 17(c) subpoena duces tecum "is not intended to provide a means of discovery in a criminal case." *United States v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989) (internal quotations omitted); *See also Bowman Dairy v. United States*, 341 U.S. 214, 220 (1951) (stating Congress did not intend "by Rule 16 to give a limited right of discovery, and then by rule 17 to give a right of

discovery in the broadest terms."). A party seeking a Rule 17(c) subpoena must establish, in relevant part, "that the documents are evidentiary and relevant" and "that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699 (1974); *See also United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (citing the standard established in *Nixon*). "The party seeking to issue or enforce a Rule 17(c) subpoena must demonstrate the relevancy, admissibility, and specificity of its request." *United States v. Johnson*, No. 14-cr-00412-THE, 2014 WL 6068089, at *2 (N.D. Cal. Nov. 13, 2014) (citing *Nixon*, 418 U.S. at 700). "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701-02 (citations omitted).

Judge Cousins denied Defendants request on the following grounds:

> The Court finds that the application does not satisfy the showing of 'relevancy, admissibility, and specificity' required by Rule 17, Nixon, and U.S. v. Reed. Asking for documents "regarding" topics over a broad time period is an impermissible discovery fishing expedition

Order, ECF 284. The Court notes that Defendants have made no effort to narrow the scope or address the lack of specificity of their document requests, waiting instead until a bare 2 ½ weeks before trial to seek relief from the June 22, 2021 Order. *See* ECF 284. Although timely, Defendants' motion for relief was filed on the last permissible day. The Court will review each of Defendants' request separately.

**1. Request No. 1**

Defendants request

> All records regarding the compensation of Michael Splinter, Gary Dickerson, Mark Pinto, Michael Kutney, and Stephen Adams during the course of their employment with Applied Materials. This request includes but is not limited to documents regarding salary, benefits, stock options, retirement/401(k), and profit sharing. The time period for this request is January 2012 through the present.

Mot. 2. Defendants argue that the requested records are directly relevant to the motives, interests, and biases of these testifying current and former Applied Materials corporate officers and employees. *Id.* 4. Defendants further argue that these witnesses have a financial interest in the outcome of this trial, evincing a clear bias which Defendants are entitled to explore in front of the

2

jury. *Id.* The Court does not find that Judge Cousins's decision that Defendants have not satisfied the requisite showing of "relevancy, admissibility, and specificity" clearly erroneous or contrary to law. As Applied Materials notes, it discloses compensation information in its publicly available SEC filings, *see* Applied Opp'n 4, and Defendants have not made any showing of admissibility under Federal Rule of Evidence 403, which dictates that the court may exclude relevant evidence if its probative value is substantially outweighed by, in relevant part, a danger unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403; *See also United States v. Mason*, No. CR 05-324-RE, 2008 WL 1909115, at *2 (D. Or. Apr. 25, 2008) (rejecting argument that financial and tax records were admissible to show witness's credibility, bias, and motive for cooperating with the government; noting "[w]hatever marginal relevance [the documents] might have as to [the witness's] credibility, motive, and bias would likely be outweighed by the substantial risk confusing the issues, misleading the jury, and needless presentation of cumulative evidence.").

### 2. Request No. 2

Defendants also request

> All handwritten notes, memoranda, or notebook entries (including specifically but not limited to laboratory notebook entries), authored by Michael Splinter, Gary Dickerson, Mark Pinto, Michael Kutney, and Stephen Adams, that mention Defendants by name and/or address or describe proposals (1) to spinout Applied Materials' MOCVD program or (2) to license or sell Applied Materials' MOCVD technology to a third party, including a startup.

Mot. 2. The Court does not find Judge Cousins's decision that asking for documents regarding topics over a broad time period is an impermissible discovery fishing expedition and not in accord with the purposes of Rule 17 clearly erroneous or contrary to law. The Court agrees with the Government that this request is vastly overbroad, "requesting production of virtually any internal document produced by the witnesses related to the matters at issue in this case." Opp'n 6.

### 3. Request No. 3

Defendants further request "[a]ll records, including notes and internal memoranda, regarding the December 3, 2012 interview of Wei-Yung Hsu conducted by Stephen Adams and Sharon Timoner." Mot. 2. The Court again does not find Judge Cousins's decision that asking for

3

documents regarding topics over a broad time period is an impermissible discovery fishing expedition and not in accord with the purposes of Rule 17 clearly erroneous or contrary to law. Mr. Adams is counsel for Applied Materials, *see* Mot. 4, Gov't Opp'n 7. Thus, although some responsive documents may not be privileged, certainly many would be privileged communications. A Rule 17(c) subpoena for privileged information is improper. *United States v. Reyes*, 239 F.R.D. 591, 598 (N.D. Cal. 2006) ("Further, a Rule 17(c) subpoena "should be quashed or modified if it calls for privileged matter.") (internal citations omitted). Insofar as the document request does not delineate any boundaries to the request, the Court is unable to narrow the request to whatever documents Defendant may think they are entitled to receive and do not already have in hand.

### 4. Request No. 4

Finally, Defendants request "[a]ll records, including notes and internal memoranda, regarding the December 7, 2012 interview of Donald Olgado conducted by Stephen Adams and Ali Khorasanee." Mot. 2. The Court does not find Judge Cousins's decision that asking for documents regarding topics over a broad time period is an impermissible discovery fishing expedition and not in accord with the purposes of Rule 17 clearly erroneous or contrary to law. This request is overbroad in both scope and time and certainly encompasses privileged documents, which is improper. *See Reyes*, 239 F.R.D. at 598.

For the foregoing reasons, Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 13, 2021

_____
BETH LABSON FREEMAN
United States District Judge