**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| USA,<br>              Plaintiff,<br>v.<br>LIANG CHEN,<br>              Defendant. | Case No. 17-cr-00603-BLF-1<br><br>**ORDER REGARDING GOVERNMENT'S PROFFER OF CO-CONSPIRATOR STATEMENTS** |

The Court has received the Government's notice of co-conspirator statements intended to be introduced at trial under Federal Rule of Evidence 801(d)(2)(E) and proffer regarding the existence of the conspiracy and Defendants' membership in that conspiracy. *See* Notice, ECF 293. Defendants responded to the Notice and argue that the Government has not met its burden for introducing these statements. *See* Resp., ECF 298. Defendants did not request a hearing. For the reasons stated below, the Court finds that the Government has established by a preponderance of the evidence that the statements are admissible under Rule 801(d)(2)(E).

Criminal Local Rule 16-1(c)(4) requires the Government to disclose to Defendants any co-conspirator statements it seeks to admit into evidence through Federal Rule of Evidence 801(d)(2)(E). On July 2, 2021, the Government disclosed Exhibits A-LL; Appendix A containing a chart with attached emails summarizing and including highlighted statements, which the government offers as co-conspirator statements pursuant to Rule 801(d)(2)(E); and Appendix B, a chart with attached witness statements summarizing and including highlighted statements that the Government offers as co-conspirator statements pursuant to Rule 801(d)(2)(E). *See* Decl. of Jeffrey Nedrow ("Nedrow Decl."), ECF 294. The Court has reviewed the submission, as well as Defendants' objections.

### A. Legal standard for rule 802(D)(2)(e)

Under Federal Rule of Evidence 801(d)(2)(E), an out of court statement is not hearsay if it "is offered against an opposing party and ... was made by the party's coconspirator during and in furtherance of the conspiracy." "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." Fed. R. Evid. 104(a).

"Under Rule 801(d)(2)(E), the statement of a co-conspirator is admissible against the defendant if the government shows by a preponderance of the evidence that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). The Confrontation Clause does not require the court to make an inquiry into the independent indicia of the reliability of the statement. *Bourjaily*, 483 U.S. at 182; *see also United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) ("co-conspirator statements are not testimonial and therefore beyond the compass of *Crawford's* holding.").

While co-conspirator statements alone cannot prove the existence of a conspiracy, the statements themselves may be considered in determining the existence of the conspiracy. *See United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir. 1988).

### B. Discussion

#### 1. The Existence of the Conspiracy at the Time the Statement was Made

"Statements of a coconspirator qualify as nonhearsay under Rule 801(d)(2)(E) if they were made during the course and in furtherance of a 'concert of action' between the declarant and the defendant." *United States v. Layton*, 855 F.2d 1388, 1398 (9th Cir. 1988), *overruled on other grounds by People of Territory of Guam v. Ignacio*, 10 F.3d 608, 612 n.2 (9th Cir. 1993). "[T]he question is merely whether there was proof of a sufficient concert of action to show the individuals to have been engaged in a joint venture." *Layton*, 855 F.2d at 1398 (quoting *United States v.*

*Everidge*, 488 F.2d 1, 3 (9th Cir. 1973)).

The Government has proffered evidence that details the alleged conspiracy between Defendants Liang Chen, Donald Olgado, Wei-Yung Hsu, and Robert Ewald to commit theft of trade secrets. *See* Notice 3-12; *See also* Nedrow Decl. Exs. A-H, Exs. K-Y, Exs. CC-FF, Exs. II-LL. These exhibits detail numerous statements made in 2012. The Government corroborates the existence of the conspiracy through witness statements and the exhibits, in addition to the proffered co-conspirator oral statements and emails. Defendants state in conclusory fashion that the Government has failed to meet the burden required to establish that a conspiracy existed, but Defendants decline to add further specificity to their argument. Resp. 3-4. The Court finds that the Government has met its burden of showing by a preponderance of the evidence that a conspiracy to commit trade secrets theft existed when the statements were made.

**2. Defendants' knowledge and participation in the conspiracy**

"In this Circuit, the prosecution need only show slight evidence connecting the defendant to the conspiracy, and this evidence may be circumstantial." *United States v. Mason*, 658 F.2d 1263, 1269 (9th Cir. 1981) (internal citation omitted); *See also United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009).

The Government states that Applied executives, including Mark Pinto, Michael Splinter and Gary Dickerson, will testify to Defendant Chen's participation in the conspiracy. Notice 13. The Government further identifies emails written by Chen that allegedly show that he help instruct his co-Defendants on how steal Applied Materials's trade secrets. *See* Exs. T, U, X, Y, FF. The Government further provides a declaration from Alan Harrus, a venture capitalist who met with Defendant Chen to discuss the technology he was taking out of Applied Materials for his new venture. *See* Ex. H. The Court finds that the Government has established by a preponderance of the evidence that Defendant Chen was a member of the conspiracy.

As for Defendant Olgado, the Government proffers the testimony of his former Applied Materials colleagues Pinto, Tak Tanaka and Michael Kutney, who will all testify to Olgado's participation in the conspiracy. Notice 15. The Government also offers emails authored by Olgado that demonstrate his need for "hackers" to circumvent Applied Materials's security for loading

3

files onto a USB drive. Ex. T. The Government also offers the declaration of Thomas Scocca as evidence of Defendant Olgado's participation in the conspiracy to steal Applied Materials's trade secrets. Ex. I. The Court finds that the Government has established by a preponderance of the evidence that Defendant Olgado was a member of the conspiracy.

To demonstrate Defendant Hsu's participation in the conspiracy, the Government offers evidence that he requested or received confidential recipe files at a time when he had no legitimate reason for them. *See* Ex. GG. The Government also offers evidence that Defendant Hsu copied recipes and bills of materials ("BOMs") from his hard drive to a USB in the days leading up to his departure in violation of Applied policy. Ex. J. The Court finds that the Government has established by a preponderance of the evidence that Defendant Hsu was a member of the conspiracy.

Finally, for Defendant Ewald, the Government proffers emails written by Defendant Ewald that demonstrate he worked on marketing materials, drawings, and key product requirements for Defendant Chen's venture that allegedly utilized Applied Materials's stolen trade secrets. *See* Exs. W, X. The Government also offers the Scocca declaration that details Defendant Ewald's access of confidential information related to the stolen trade secrets and Defendant Chen's new venture. Ex. I. The Court finds that the Government has established by a preponderance of the evidence that Defendant Ewald was a member of the conspiracy.

### 3. Whether the statements were made in furtherance of the conspiracy

Statements can further the conspiracy in a number of ways. *United States v. Lischewski*, No. 18-CR-00203-EMC-1, 2019 WL 2716614, at *4 (N.D. Cal. June 28, 2019). The Ninth Circuit in *United States v. Nazemian*, 948 F.2d 522 (9th Cir. 1991) gave the following expansive examples:

> statements made to induce enlistment or further participation in the group's activities; statements made to prompt further action on the part of conspirators; statements made to reassure members of a conspiracy's continued existence; statements made to allay a co-conspirator's fears; and statements made to keep co-conspirators abreast of an ongoing conspiracy's activities.... When inquiring whether a statement was made 'in furtherance of' a conspiracy, we do not focus on its actual effect in advancing the goals of the conspiracy, but on the declarant's intent in making the statement.

*Id.* at 529 (internal citations omitted).

The Court has reviewed the Government's Appendix A, containing email statements the Government seeks to introduce, and Appendix B, which contains co-conspirator statements that the Government's witnesses may include in their testimony at trial. These appendices, and their attached exhibits, indicate that the statements appear plausibly made in furtherance of the conspiracy. Accordingly, the Court finds that the Government has established by a preponderance of the evidence that the proffered statements were made in furtherance of the conspiracy.

### 4. Defendants' Additional Objections

Defendants raise several specific objections, which the Court will now address. *See* Resp. 3. First, Defendants argue that some of the exhibits contain correspondence that the Government does not offer as a co-conspirator statement and object to the admission of those exhibits. To the extent that the Government is offering an exhibit as a non co-conspirator statement, no advance proffer is required. Additionally, the Court finds that it was necessary for the Government to submit more than just strictly the co-conspirator statements to demonstrate that the co-conspirator statements are admissible under Rule 801(d)(2)(E). *See United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir. 1988).

Second, Defendants object to the admission of single exhibits that contain the aggregation of multiple email chains. Resp. 3. The Court finds that the Government can separate single exhibits containing multiple email chains into separate, individual exhibits.

Third, Defendants argue that, to the extent any of the email chains in these documents are incomplete, the exhibits violate Federal Rule of Evidence 106, 1002, and 1003. Resp. 3. However, Defendants have not identified any specific instances of this, and the Court cannot rule on their hypothetical objection.

Fourth, Defendants argue that "Agent Trombetta's email compilation as a whole violates the 'best evidence rule' established by Federal Rules of Evidence 1001, 1002 and 1003." Resp. 3. The Court anticipates that Agent Trombetta or another Government witness will authenticate the emails.

### C. Conclusion

The Court finds that the Government has met its burden of establishing by a preponderance of the evidence that the proffered co-conspirator statements are admissible under Rule 801(d)(2)(E).

**IT IS SO ORDERED.**

Dated: July 13, 2021

_____
BETH LABSON FREEMAN
United States District Judge