# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LIANG CHEN, DONALD OLGADO, WEI-YUNG HSU, and ROBERT EWALD,<br>Defendants. | Case No. 17-cr-00603-BLF<br><br>**OMNIBUS ORDER REGARDING PENDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF No. 388, 397, 427, 431, 443, 456] |

Just after trial, the Court granted the Parties' stipulation to provisionally seal all admitted exhibits and transcripts of trial testimony until the Court resolved an upcoming motion to seal made by non-party Applied Materials, Inc. ECF No. 382. Now before the Court is that sealing request. ECF No. 388 ("AMFUS"); *see* ECF No. 427 ("ASupp."). Applied seeks to seal 78 admitted trial exhibits (in whole or in part) and 7 lines of the trial transcript. AMFUS at 1. Defendants Liang Chen, Donald Olgado, Wei-Yung Hsu, and Robert Ewald ("Defendants") jointly oppose Applied's request, save for five admitted exhibits. ECF No. 397 ("Opp."); *see also* ECF No. 431 ("DSupp."). The Government filed a short statement in support of Applied's request. ECF No. 399 ("Gov't Stmt."). For the reasons stated below, the Court GRANTS the motions to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only

tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. Trial records, of course, are "more than tangentially related to the merits of a case" and are thus subject to the "compelling reasons" standard. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *United States v. Carpenter*, 923 F.3d 1172, 1178–79 (9th Cir. 2019).

The trial materials that Applied seeks to maintain under seal fall broadly into three categories. The Court considers each category in turn and concludes that each category of materials should be maintained under seal.

<u>Trade Secret Materials & Related Confidential Information</u>. Applied seeks the sealing of 66 trial exhibits (TRX 2, 7–8, 10–40, 43–45, 48–49, 58–59, 69–70, 97, 104, 110A, 145B, 167, 181, 257, 293, 299, 527, 565–566, 570–575, 1048, 1053, 1123A, 2043, and 2043A) that it says contain or depict Applied's confidential 2D blueprint drawings and 3D models for Applied components, BOMs, and recipes related to the NLighten tool. *See* AMFUS at 2–4. Applied says that the materials "are all trade secrets at issue in this case and in Applied's pending civil case against Defendants." *Id.* at 2. In its supplemental brief, Applied says that there is still a present day need to seal this information because it is "important to maintaining Applied's competitive advantage in its core silicon epitaxy business." ASupp. at 3–4. Defendants oppose sealing most of this information, saying that the materials were not trade secrets in 2012 or today. Opp. at 1–4.

The Court finds that there are "compelling reasons" to seal this information. Trade secret materials meet the "compelling reasons" standard for sealing because "the common-law right of inspection has bowed before the power of a court to [e]nsure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In light of the Court's order on the motions for reconsideration, the Court has found that there was sufficient evidence for a reasonable juror to conclude beyond a reasonable doubt that the charged trade secrets underlying counts 2–12 were in fact trade secrets in 2012—a higher evidentiary standard than the "compelling reasons" Applied must provide for sealing these materials. *See* ECF No. 459.

The Court finds that, in light of the supplementary materials, Applied has also met its

burden to show that even today, disclosure of this information would harm its competitive standing, notwithstanding the age of the materials. *See Kamakana*, 447 F.3d at 1182 (affirming denial of sealing "years old" records due to absence of showing of present harm from disclosure). Regardless of whether the charged trade secrets retain their trade secret status today, Applied has established that all of the exhibits it seeks to seal in this category could serve as "sources of business information that might harm [Applied's] competitive standing" such that compelling reasons support sealing those exhibits. *In re Elec. Arts, Inc.*, 298 F. App'x at 569. On this account, Applied has submitted multiple sworn declarations stating that disclosure of these materials would undermine Applied's competitive advantage in its core silicon epitaxy business. First, Applied says that the CAD drawings and BOMs for the NLighten tool remain valuable for Applied because they are "similar or identical to components on other Applied products that Applied continues to sell and service." ECF No. 427-2 ("Burrows 2/4 Decl.") ¶ 7. Second, Applied refers back to these materials when it begins new work on epitaxy projects, and it cites specific tools that it is developing that rely on these NLighten materials. *Id.* ¶¶ 7–8; *see also* ECF No. 427-3 ("Ramamurthy 2/7 Decl.") ¶ 9 (discussing development of next generation silicon epitaxy tools). Finally, Applied states that disclosure of the materials would benefit Applied's competitors in the silicon epitaxy space by allowing them to obtain an advantage in developing or refining their MOCVD technology. *See* Burrows 2/4 Decl. ¶ 7; Ramamurthy 2/7 Decl. ¶¶ 8–9. The Court finds unpersuasive Defendants' arguments that Applied has not been sufficiently specific about its requests. *See* DSupp. at 1–3. The Court will not require Applied to provide separate argument exhibit-by-exhibit to justify sealing when Applied has provided case law and argument for categories of materials and descriptions for each exhibit (or portion of exhibit) and line of trial transcript it seeks to seal.

Customer and Supplier Contracts and Information. Applied seeks to seal ten trial exhibits (TRX 72, 85, 110A, 257, 293, 1048, 3085, 3086, 3088, and 3113) and seven lines of the trial transcript (Trial Tr. 482:1, 490:1, 490:18, 2439:14, 2973:15, 2973:17, and 2973:25) because these materials discuss confidential contracts, terms, and/or requests between Applied and its customers and suppliers of the MOCVD technology. *See* AMFUS at 4; ASupp. at 4–5. Other than

3

arguments the Court has rejected in other contexts (including its January 6 Order and its order on the motions for reconsideration), Defendants object to sealing some of this information again based on its age.

There are compelling reasons to seal this information. There are "compelling reasons" to seal documents containing proprietary business information, including pricing and other negotiated terms, especially in agreements with customers. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569–70 (sealing portion of license agreements); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 10758114, at *3 (N.D. Cal. Aug. 28, 2018) (sealing customer agreements).

Applied's declarations establish compelling reasons to seal this information, even today. First, it says that competitors or potential customers would be able to derive its pricing and sales volumes from these exhibits, potentially undermining Applied's negotiating position. ECF No. 388-10 ("Tanaka 8/27 Decl.") ¶¶ 7, 18; ECF No. 388-7 ("Giese 8/27 Decl.") ¶ 16; ECF No. 388-9 ("Kuppurao 8/27 Decl.") ¶ 6. Second, Applied says that it is contractually obligated to seek sealing of its agreements with certain customers and confidential customer data contained in certain presentations. *See* Tanaka 8/27 Decl. ¶¶ 4–5. Finally, Applied says that disclosure of even prior pricing is harmful because others in the industry can use it to approximate today's pricing on related epitaxy technologies. *Id.* ¶ 7. These reasons are sufficient to meet the "compelling reasons" standard.

Internal Analysis of Applied and Analysis Licensed by Applied. Finally, Applied seeks to seal 14 trial exhibits (TRX 110A, 167, 181, 257, 282, 1051, 1053, 1123A, 2021, 2021A, 2034, 2034A, 2043, and 2043A) because those exhibits contain internal competitive analyses conducted by Applied and analysis licensed from third-party IMS research. *See* AMFUS at 5; ASupp. at 4–5. Again, other than arguments the Court has previously rejected, Defendants oppose most of the request based on the age of the materials.

Courts seal marketing strategies and internal competitive analyses because the materials could be used by competitors to obtain an unfair advantage in developing and marketing their own similar tools. *See Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014). Applied has submitted declarations establishing that its internal analyses are proprietary and

4

continue to be applied in analyzing present-day products.  *See* Ramamurthy 2/7 Decl. ¶ 10; Tanaka 8/27 Decl. ¶¶ 16–18 & tbl. A.  These are thus compelling reasons to seal this information.

For the foregoing reasons:

- Applied's administrative motion to file under seal (ECF No. 388) is GRANTED. The materials identified in the Appendix to this Order SHALL remain under seal. All other admitted exhibits and portions of trial transcripts not covered by this Order are UNSEALED.
- The administrative motions to file under seal materials submitted with the motions for reconsideration (ECF Nos. 443, 456) are also GRANTED because those materials are identical to materials listed above.
- The administrative motions to file under seal briefs and materials related to Applied's motion (ECF Nos. 388, 397, 427, 431, 443, 456) are GRANTED.  Those briefs and materials SHALL remain under seal because they refer to sealed information.
- For trial exhibits and trial transcripts with partial redactions only, Applied SHALL file and submit to chambers copies of the redacted materials **no later than 30 days after this Order**.

**IT IS SO ORDERED.**

Dated:  July 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge

**APPENDIX**

| TRX or Trial Tr. | Description | Portion(s) to Seal |
|---|---|---|
| TRX 2 | 11 DVDs Produced by Donald Olgado | Entirety |
| TRX 7 | "Applied_TC3-0348882_BOM_3D" spreadsheet | Entirety (PDF and native file) |
| TRX 8 | "TC3-0348882_BOM_3D" spreadsheet | Entirety (PDF and native file) |
| TRX 10 | 2-D View of CAD Drawing for Count 2: TC2-0875534 / 0041-29695 (weldment outrigger) | Entirety |
| TRX 11 | 2-D View of CAD Drawing for Count 3: TC2-0882262 / 0021-60931 (window robot display) | Entirety |
| TRX 12 | 2-D View of CAD Drawing for Count 4: TC1-0488531 / 0041-13266 (Gas distribution assembly for showerhead) | Entirety |
| TRX 13 | 2-D View of CAD Drawing for Count 5: TC1-0546328 / 0041-25899 (deflector) | Entirety |
| TRX 14 | 2-D View of CAD Drawing for Count 6: TC1-0429737 / 0021-41978 (bearing, rotating reflector) | Entirety |
| TRX 15 | 2-D View of CAD Drawing for Count 7: TC2-0754970 / 0041-13601 (bearing support, lower lamp) | Entirety |
| TRX 16 | 2-D View of CAD Drawing for Count 8: TC3-0402521 / 0195-07483 (carrier pallet assembly) | Entirety |
| TRX 17 | 2-D View of CAD Drawing for Count 9: TC3-0256429 / 0050-98820 (interconnect for hydride pallet) | Entirety |
| TRX 18 | 2-D View of CAD Drawing for Count 10: TC3-0402584 / 0195-07485 (hydride pallet assembly) | Entirety |
| TRX 19 | 2-D View of CAD Drawing for Count 11: TC1-0248933 / 0040-39010 (manifold CFW mainframe block) | Entirety |

| TRX or Trial Tr. | Description | Portion(s) to Seal |
|---|---|---|
| TRX 20 | 2-D View of CAD Drawing for Count 12: TC2-0130472 / 0040-03883 (blank off) | Entirety |
| TRX 21 | 2-D View of CAD Drawing for Count 1: TC2-0794687 / 0041-26905 (360MM MULTI GAS SHOWERHEAD PATTERN II) | Entirety |
| TRX 22 | 2-D View of CAD Drawing for Count 1: TC1-0536580 / 0041-25197 (BASEPLATE, 350MM CHAMBER, NEON) | Entirety |
| TRX 23 | 2-D View of CAD Drawing for Count 1: TC3-0420559 / 0200-08476 (CARRIER, 7X 101, 180UM, AIR GAP, 2.1MM THK) | Entirety |
| TRX 24 | 2-D View of CAD Drawing for Count 1: TC3-0450707 / 0200-08740 (SUSCEPTOR, CONCAVE RELIEF, SIC, 350MM, NIGHTEN) | Entirety |
| TRX 25 | 2-D View of CAD Drawing for Count 1: TC2-0707970 / 0200-89004 (DOME, LOWER, EPI/HTF 300MM) | Entirety |
| TRX 26 | 2-D View of CAD Drawing for Count 1: TC1-0502693 / 0200-07215 (SUPPORT SHAFT, SUSCEPTOR, 3 ARM, NO CENTER PIN, 350MM, NEON) | Entirety |
| TRX 27 | 2-D View of CAD Drawing for Count 1: TC2-0783338 / 0200-07563 (UPPER LINER, DUAL EXHAUST, 4 PORT LINER PURGE, MOCVD, NEON) | Entirety |
| TRX 28 | 3-D View of CAD Drawing for Count 2: TC2-0875534 / 0041-29695 (weldment outrigger) | Entirety |
| TRX 29 | 3-D View of CAD Drawing for Count 3: TC2-0882262 / 0021-60931 (window robot display) | Entirety |

| **TRX or Trial Tr.** | **Description** | **Portion(s) to Seal** |
|---|---|---|
| TRX 30 | 3-D View of CAD Drawing for Count 4: TC1-0488531 / 0041-13266 (Gas distribution assembly for showerhead) | Entirety |
| TRX 31 | 3-D View of CAD Drawing for Count 5: TC1-0546328 / 0041-25899 (deflector) | Entirety |
| TRX 32 | 3-D View of CAD Drawing for Count 6: TC1-0429737 / 0021-41978 (bearing, rotating reflector) | Entirety |
| TRX 33 | 3-D View of CAD Drawing for Count 7: TC2-0754970 / 0041-13601 (bearing support, lower lamp) | Entirety |
| TRX 34 | 3-D View of CAD Drawing for Count 8: TC3-0402521 / 0195-07483 (carrier pallet assembly) | Entirety |
| TRX 35 | 3-D View of CAD Drawing for Count 9: TC3-0256429 / 0050-98820 (interconnect for hydride pallet) | Entirety |
| TRX 36 | 3-D View of CAD Drawing for Count 10: TC3-0402584 / 0195-07485 (hydride pallet assembly) | Entirety |
| TRX 37 | 3-D View of CAD Drawing for Count 11: TC1-0248933 / 0040-39010 (manifold CFW mainframe block) | Entirety |
| TRX 38 | 3-D View of CAD Drawing for Count 12: TC2-0130472 / 0040-03883 (blank off) | Entirety |
| TRX 39 | 3-D View of CAD Drawing for Count 1: TC2-0794687 / 0041-26905 (360MM MULTI GAS SHOWERHEAD PATTERN II) | Entirety |
| TRX 40 | 3-D View of CAD Drawing for Count 1: TC1-0536580 / 0041-25197 (BASEPLATE, 350MM CHAMBER, NEON) | Entirety |
| TRX 43 | 3-D View of CAD Drawing for Count 1: TC2-0707970 / 0200-89004 (DOME, LOWER, EPI/HTF 300MM) | Entirety |

8

| TRX or Trial Tr. | Description | Portion(s) to Seal |
|---|---|---|
| TRX 44 | 3-D View of CAD Drawing for Count 1: TC1-0502693 / 0200-07215 (SUPPORT SHAFT, SUSCEPTOR, 3 ARM, NO CENTER PIN, 350MM, NEON) | Entirety |
| TRX 45 | 3-D View of CAD Drawing for Count 1: TC2-0783338 / 0200-07563 (UPPER LINER, DUAL EXHAUST, 4 PORT LINER PURGE, MOCVD, NEON) | Entirety |
| TRX 48 | Video Showing 3-D View of CAD Drawing for Count 4: TC1-0488531 / 0041-13266 (Gas distribution assembly for showerhead) | Entirety |
| TRX 49 | Video Showing 3-D View of CAD Drawing for Count 5: TC1-0546328 / 0041-25899 (deflector) | Entirety |
| TRX 58 | Video Showing 3-D View of CAD Drawing for Count 1: TC2-0707970 | Entirety |
| TRX 59 | Video Showing 3-D View of CAD Drawing for Count 1: TC1-0502693 / 0200-07215 (SUPPORT SHAFT, SUSCEPTOR, 3 ARM, NO CENTER PIN, 350MM, NEON) | Entirety |
| TRX 69 | Epi lower quartz dome 01-20-21.pdf | Entirety |
| TRX 70 | Epi-MOCVD Discussions 01-15-2021.pdf | Entirety |
| TRX 72 | Email chain between Wei-Yung Hsu and Liang Chen last dated May 5, 2011 | Highlighted portions |
| TRX 85 | Global Supply Agreement between Applied and Nikkoshi Co, Ltd. | Highlighted portions at Paragraphs 3(c), 3(f), 4(f), 5(b), 8(a), 8(c), 12(a), 12(e), 12(f), 12(h), 17(a), 18(a), 20(a), 20(f), 25 |
| TRX 97 | Slides labeled "The NewCo Difference (LED)" and "The NewCo Difference (Power Electronics)" | Ex. 97 at 0002-0003 |

9

| TRX or Trial Tr. | Description | Portion(s) to Seal |
|---|---|---|
| TRX 104 | Copy of three 3D models | Highlighted portions at Ex. 104 at 0001-0002 |
| TRX 110A | Presentation titled "MOCVD High Value Problem and Competitive Assessment" and dated July 2012 | Ex. 110A at 000005-000006, 000020, 000022, 000025 |
| TRX 145B | Email from Donald Olgado to James Herauf dated November 9, 2012 | Highlighted portions at Ex. 145B at 0002 |
| TRX 167 | Presentation titled "Envision: Enabling high growth solid state lighting LED & power electronics industries" and dated September 26, 2012 | Ex. 167 at 0009-0010, 0035-0036 |
| TRX 181 | Presentation titled "Envision: Enabling high growth solid state lighting LED & power electronics industries" and dated September 26, 2012 | Ex. 181 at 0025-0026, 0033-0034 |
| TRX 257 | Presentation titled "MOCVD High Value Problem and Competitive Assessment" and dated July 2012 | Ex. 257 at 0006-0007, 0017, 0020, 0023 |
| TRX 282 | Presentation titled "Applied Centura® NLighten MOCVD System" and dated April 2012 | Ex. 282 at 0004 |
| TRX 293 | Presentation titled "Applied Centura® NLighten MOCVD System" and dated April 2012 | Ex. 293 at 0016, 0037, 0041, 0046, 0049, 0067-0069, 0071-0082 |
| TRX 299 | Email chain involving Wei-Yung Hsu and Robert Ewald last dated July 10, 2012 | Ex. 299 at 0003-0006, 0008 (PDFs and native files) |
| TRX 527 | Video Showing 3-D View of CAD Drawing for Count 8: TC-0402521 / 0195-07483 (carrier pallet) | Entirety |
| TRX 565 | "Reference Master BOM 1.xls" spreadsheet | Entirety (PDF and native file) |
| TRX 566 | "Extra BOM 2.xls" spreadsheet | Entirety (PDF and native file) |
| TRX 570 | Screenshot from NX | Entirety |
| TRX 571 | Screenshot from NX | Entirety |
| TRX 572 | Images of 3D models | Entirety |
| TRX 573 | Images of 3D models | Entirety |
| TRX 574 | Images of 3D models | Entirety |

10

| TRX or Trial Tr. | Description | Portion(s) to Seal |
|---|---|---|
| TRX 575 | Images of 3D models | Entirety |
| TRX 1048 | Presentation titled "Applied Centura® NLighten MOCVD System" and dated April 2012 | Ex. 1048 at 6-8, 10-21, 38, 59, 63, 68, 71 |
| TRX 1051 | Presentation titled "Applied Centura® NLighten MOCVD System" and dated April 2012. *According to Tr. 916:12-15, Ex. 1051 was admitted in evidence* | Ex. 1051 at 4 |
| TRX 1503 | Presentation titled "MOCVD High Value Problem and Competitive Assessment" and dated July 2012 | Ex. 1053 at 6-7, 21, 22, 24 |
| TRX 1123A | Presentation titled "Precise8 Technologies: Enabling high growth solid state lighting LED & power electronics industries" and dated December 3, 2012 | Ex. 1123A at 13-14, 33-34 |
| TRX 2021 | Email chain between Liang Chen and Robert Ewald last dated June 29, 2012 | Ex. 2021 at 66-377 |
| TRX 2021A | Attachment to email chain between Liang Chen and Robert Ewald last dated June 29, 2012 | Entirety |
| TRX 2034 | Presentation titled "Business Proposal – A NewCo Startup 'Enlighten' to Enable High Growth Solid State Lighting LED & Power Electronics Industries" | Ex. 2034 at 31-32 |
| TRX 2034A | Presentation titled "Business Proposal – A NewCo Startup 'Enlighten' to Enable High Growth Solid State Lighting LED & Power Electronics Industries" | Ex. 2034A at 30-31 |
| TRX 2043 | Presentation titled "Envision: Enabling high growth solid state lighting LED & power electronics industries" and dated September 26, 2012 | Ex. 2043 at 10-11, 36-37 |

11

| TRX or Trial Tr. | Description | Portion(s) to Seal |
|---|---|---|
| TRX 2043A | Presentation titled "Envision: Enabling high growth solid state lighting LED & power electronics industries" and dated September 26, 2012 | Ex. 2043A at 9-10, 35-36 |
| TRX 3085 | Equipment Purchase and Sale Agreement between Applied and Hangzhou Silan Azure Co., Ltd. ("**Silan**"), dated May 20, 2011 | Entirety |
| TRX 3086 | Settlement and Amendment to Equipment Purchase and Sale Agreement between Applied and Silan, dated December 20, 2012 | Entirety |
| TRX 3088 | Email chain between Mike Splinter and John Antone last dated February 1, 2012 | Highlighted portion at 3088-2 |
| TRX 3113 | Email chain involving Wei-Yung Hsu last dated October 25, 2012 | Highlighted portion |
| Trial Tr. at 2439 | Trial testimony of Satheesh Kuppurao | Highlighted portion at Tr. 2439:14 |
| Trial Tr. at 2973 | Trial testimony of Liang Chen | Highlighted portions at Tr. 2973:15, 2973:17, 2973:25 |
| Trial Tr. at 482, 490 | Trial testimony of Mark Pinto | Highlighted portions at Tr. 482:1, 490:1, 490:18 |