**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LIANG CHEN, DONALD OLGADO, WEI-YUNG HSU, and ROBERT EWALD,<br>Defendant. | Case No. 17-cr-00603-BLF<br><br>**ORDER GRANTING NON-PARTY APPLIED MATERIALS, INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 484] |

On August 16, 2022, non-party Applied Materials, Inc. ("Applied") filed a motion to seal the documents filed at ECF Nos. 294-1, 294-2, and 398-10. *See* Motion, ECF No. 484. Applied contends that these documents are unredacted copies of Trial Exhibits 97, 104, and 145B, which the Court previously ordered to be sealed. *See id.*; *see also* Order, ECF No. 461 at 2–3. Defendants oppose, arguing that the documents at issue are not confidential because the Government publicly filed the documents at ECF Nos. 294-1, 294-2, and 398-10 on July 2, 2021, and they were not provisionally hidden from public view (or "locked") until February 7, 2022—months later— pending resolution of Applied's prior sealing motion (ECF No. 427). *See* Opposition, ECF No. 489.

Based on the below reasoning, the Court GRANTS Applied's sealing motion.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety*

1  *v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially
2  related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.  Trial
3  records, of course, are "more than tangentially related to the merits of a case" and are thus subject
4  to the "compelling reasons" standard.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir.
5  2008); *United States v. Carpenter*, 923 F.3d 1172, 1178–79 (9th Cir. 2019).

## II.  DISCUSSION

Applied seeks to seal the documents filed at ECF Nos. 294-1, 294-2, and 398-10 for the same reasons the Court previously granted Applied's sealing motion as to Trial Exhibits 97, 104, and 145B.  *See* Motion, ECF No. 484.  On July 14, 2022, the Court issued an omnibus order on various sealing motions.  *See* Order, ECF No. 461.  Regarding Trial Exhibits 97, 104, and 145B, the Court found that Applied had shown "compelling reasons" supporting sealing, because the Court had found in its order on the motions for reconsideration that there was sufficient evidence for a reasonable juror to conclude beyond a reasonable doubt that the charged trade secrets underlying counts 2–12 were trade secrets in 2012.  *See id.* at 2.  Further, the Court found that Applied had submitted sufficient evidence to show that even today, disclosure of the information at issue in Trial Exhibits 97, 104, and 145B would harm Applied's competitive standing.  *See id.* at 2–3.

In addition to the reasons articulated in the Court's July 14, 2022, Applied argues that the Court should order the unredacted documents at ECF Nos. 294-1, 294-2, and 398-10 sealed because Applied has pending civil trade secret litigation against Defendants that involves the information at issue in those documents.  *See* Motion, ECF No. 484 at 3.  Further, Applied argues that the Court already rejected Defendants' argument that the documents at issue were publicly filed.  *See id.* at 2.  Applied additionally argues that the fact that the documents at issue were "locked" from public view supports their confidentiality.  *See id.*  And Applied argues that Defendants can only point to cases where a party *itself* decided to publicly disclose information—not where a separate party publicly disclosed that information, like the Government did here.  *See id.*

In response, Defendants argue that since the Government publicly filed the documents at ECF Nos. 294-1, 294-2, and 398-10 and those documents remained publicly filed for more than seven months, even if the information in those exhibits was once confidential, it is no longer

confidential. *See* Opposition, ECF No. 489 at 1. Further, Defendants argue that the Court did not address this issue in its prior sealing order. *See id.* Defendants also argue that Applied's lawyers worked closely with counsel for the Government throughout trial, so "at the very least," Applied received service copies of the Government's filings of the documents at ECF Nos. 294-1, 294-2, and 398-10. *See id.*

The Court agrees with Applied. As Defendants acknowledge, they previously raised the fact that the Government had publicly filed the information in the documents at ECF Nos. 294-1, 294-2, and 398-10 in opposing Applied's prior sealing motions. *See* Opposition, ECF No. 489 at 1 (noting "one particular issue that the Court did not address in its prior order: On July 2, 2021, the government filed in the public docket all of the information at issue here."); Defendants' Opposition to Sealing Motion, ECF No. 397 at 6–7; Defendants' Supplemental Brief in Opposition to Sealing Motion, ECF No. 431 at 3–4. After considering Defendants' argument, the Court nonetheless granted Applied's motion to seal unredacted versions of Trial Exhibits 97, 104, and 145B—which are undisputedly identical to documents at ECF Nos. 294-1, 294-2, and 398-10. *See* Order, ECF No. 461 at 2–3. Accordingly, Defendants' opposition to Applied's motion to seal the documents at ECF Nos. 294-1, 294-2, and 398-10 is nothing more than a covert attempt to move to reconsider the Court's prior sealing order. This is improper.

Further, even if the Court were to construe Defendants' opposition as a motion for reconsideration of the Court's order at ECF No. 461, Defendants have failed to meet their burden on a motion for reconsideration. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (relief from order available only under "extraordinary circumstances"); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989); *see also* Criminal Local Rule 2-1; Civil Local Rule 7-9. Here, Defendants have merely raised the same evidence and arguments they presented in opposition to Applied's prior sealing motions. Simply resurrecting the same arguments and evidence is insufficient to meet the exacting standard of a motion for reconsideration. *See, e.g.*, *Ahdom v. Cate*, No. 1:11–cv–01730–SAB (PC), 2013 WL 752242, at *2 (N.D. Cal. Feb. 27, 2013) (denying motion to reconsider sealing order where movant "simply restates his prior arguments and does not present newly discovered evidence,

3

clear error, or an intervening change in the law").

To the extent Defendants are asserting that the Court's prior order sealing Trial Exhibits 97, 104, and 145B was clear error, the Court disagrees based on a consideration of the merits. The Government—not Applied—publicly filed the documents at issue. While Defendants respond that Applied worked closely with the Government throughout trial, Applied's point stands that Defendants can only point to cases in which a party vitiates confidentiality through *its own* public disclosure of documents. *See* Reply, ECF No. 490 at 2. Accordingly, Defendants have not met their burden of showing that the Court engaged in clear error in sealing Exhibits 97, 104, and 145B—despite their being publicly available for several months.

Based on the above reasoning and the Court's sealing order at ECF No. 461, the Court finds that Applied has shown compelling reasons for sealing the information at issue in the documents at ECF Nos. 294-1, 294-2, and 398-10. Defendants have failed to show that the Court should reconsider its prior sealing order.

### III. ORDER

For the foregoing reasons, the Court rules on Applied's sealing requests as follows:

| Filing | Portions Sought to Be Sealed | Ruling |
|---|---|---|
| ECF No. 294-1 | Portions at p. 156 | GRANTED, per the Court's order at ECF No. 461 |
| ECF No. 294-2 | Portions at pp. 23–24, 34–35 | GRANTED, per the Court's order at ECF No. 461 |
| ECF No. 398-10 | Portions at pp. 2–3 | GRANTED, per the Court's order at ECF No. 461 |

Dated: August 23, 2022

BETH LABSON FREEMAN
United States District Judge